DONALD J. PUTTERMAN (SBN 90822)
E-mail: *dputterman@plylaw.com*
DANNIELLE M. CAMPBELL (SBN 303204)
E-mail: *dcampbell@plylaw.com*
PUTTERMAN | YU LLP
345 California Street, Suite 1160
San Francisco CA 94104-2626
Tel:        (415) 839-8779
Fax:       (415) 737-1363

Attorneys for Defendant
SVP PARTNERS, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE AVALOS, and Individual,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SVP PARTNERS, LLC, a California LLC,<br><br>　　　　　　　Defendants. | Case No.  1:20-cv-01381-DAD-EPG<br><br>**DEFENDANT SVP PARTNERS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO F.R.C.P. RULE 12(b)(5)**<br><br>[SPECIAL APPEARANCE ON MOTION TO DISMISS TO CONTEST JURISDICTION]<br><br>Complaint Filed:    September 30, 2020<br><br>Date:           February 19, 2021<br>Time:          10:00 a.m.<br>Courtroom:   10<br><br>The Honorable Erica P. Grosjean Presiding |

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on February 19, 2021 at 10:00 a.m. in Courtroom 10 of the above-entitled courted, located at 2500 Tulare Street, Fresno California 93721, Defendant SVP Partners, LLC (hereinafter "SVP PARTNERS" or "Defendant") will, and hereby do, move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(5) for a Motion to Dismiss Plaintiff's Complaint. This Motion is based on the Notice of Motion and Motion, The Memorandum of Points and Authorities included herein, and all pleadings and papers on file in this action, and such additional evidence or argument as may be presented at or prior to the time of the hearing.

Defendant seeks dismissal of Plaintiff's Complaint, because service of the Plaintiff's Complaint was defective because it failed to include a summons issued by the Court, as evidenced by the Proof of Service filed by Plaintiff, and therefore Plaintiff's Complaint must be dismissed. (F.R.C.P. 12(b)(5).) Defendant requests its attorney's fees and costs be awarded pursuant to 42 U.S.C. §12205 in having to bring this Motion, because Plaintiff failed to dismiss his Complaint after deficiencies were brought to his attention.

DATED: January 22, 2021                    PUTTERMAN | YU LLP

                                           By: /s/ *Dannielle M. Campbell*
                                               DANNIELLE M. CAMPBELL
                                           Attorneys for Defendant SVP PARTNERS, LLC

## I. INTRODUCTION AND FACTUAL BACKGROUND

Service of Plaintiff's Complaint was improper because it failed to include a Summons and must be dismissed. After bringing the defects in service to Plaintiff's attorney's attention, Plaintiff failed to dismiss the complaint or cure the defects and Defendant was forced to bring this motion. Defendant therefore requests its attorney's fees and costs be awarded in having to bring this motion, because Plaintiff failed to dismiss his Complaint after deficiencies were brought to his attention.

Plaintiff brings his Complaint For Damages And Injunctive Relief For: (1) Violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325) and (2) Violations of the Unruh Civil Rights Act, California Civil Code §51 *et seq.* ("Complaint") against Defendant. However, no Summons was served with the Complaint. (*See* Proof of Service of Summons, filed on October 20, 2020, Docket Number 5). Defendant, through counsel, brought this defect to Plaintiff's attention, yet Plaintiff refused to dismiss the action.

## II. ARGUMENT

### A. PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE IT WAS IMPROPERLY SERVED

Rule 12(b)(5) permits a challenge to the method of service attempted by plaintiff. *See Olson v. Federal Election Comm'n* (D. D.C. 2009) 256 F.R.D. 8, 9, fn. 3. Where the validity of service is contested by Rule 12 motion, the burden is on plaintiff (the party claiming proper service has been effected) to establish the validity of service. *Cardenas v. City of Chicago* (7th Cir. 2011) 646 F.3d 1001, 1005; *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.* (3rd Cir. 1993) 988 F.2d 476, 488. To determine whether service was sufficient, the court must consider evidentiary materials outside of the pleadings. *Jordan v. Forfeiture Support Assocs.* (E.D. N.Y. 2013) 928 F. Supp. 2d 588, 594. The court lacks jurisdiction over a defendant who has not been properly served. *Dodco, Inc. v. American Bonding Co.* (8th Cir. 1993) 7 F.3d 1387, 1388.

Since personal jurisdiction and valid service of process are "jurisdictional," there is no waiver where defendant has failed to appear at all within the time allowed to answer. I.e., defendant may thereafter move to set aside a default judgment, or appeal, or even collaterally attack the default

judgment, on the basis of defective service. *See Vázquez-Robles v. CommoLoCo, Inc.* (1st Cir. 2014) 757 F.3d 1, 3-4; *DiVecchio v. Gimbel Bros.* (W.D. PA 1966) 40 F.R.D. 311, 314.

Plaintiff failed to serve the summons with its Complaint and service is improper. Plaintiff's Complaint must be dismissed under Rule 12(b)(5) because the court lacks jurisdiction over the Defendant. Plaintiff's own Proof of Service of Summons (Document No. 5) fails to allege that the Summons was served because the box for Summons is not checked as included in the service packet. Plaintiff, after being informed of the improper and defective service, took no action to correct service. Therefore, Plaintiff's Complaint must be dismissed for insufficient service of process under Federal Rule of Civil Procedure Rule 12(b)(5).

**B.    DEFENDANT SHOULD BE AWRDED REASONABLE ATTORNEY'S FEES AND COSTS**

According to 42 U.S.C. §12205, in any action commenced under the Title 42, the Americans with Disabilities Act, the Court in its discretion may allow the prevailing party their attorneys' fees and costs. While it is acknowledged that recovery of a prevailing defendant's attorneys' fees and costs is the exception, the Court should grant defendants' recovery when plaintiff's "suit was totally unfounded, frivolous, or otherwise unreasonable or that plaintiff continued the litigation after it clearly became so." *Bercovitch v. Baldwin* (1999) 191 F.3d 8, 11.

After being informed by Defendant's counsel, Plaintiff failed to dismiss the lawsuit for lack of jurisdiction and ineffective service of process, and Defendant was forced to spend time and money bringing this Motion. Should Defendant prevail on its Motion, it respectfully requests the Court to exercise discretion and award reasonable attorney's fees and costs according to proof.

**III.    CONCLUSION**

For the reasons herein, the matter should be dismissed.


DATED:  January 22, 2021                                PUTTERMAN | YU LLP


                                                        By:  */s/ Dannielle M. Campbell*
                                                              DANNIELLE M. CAMPBELL
                                                        Attorneys for Defendant SVP PARTNERS, LLC